UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In the matter of:

KAREN SCHOOFF,                                              Case No. 17-57500-MBM
                                                           Chapter 13
                    Debtor.    /                           Hon. Marci B. McIvor


**OPINION REGARDING ATTORNEY FEES FOR DEBTOR'S COUNSEL**


In a prior opinion, this Court found that creditor George Schoof violated the automatic

stay. Pursuant to 11 U.S.C. § 362(k)(1), a debtor may recover actual damages from a party that

violates the stay, and those damages may include attorney fees. The matter currently before the

Court is the amount of fees Debtor's counsel may collect  as a result of George Schooff's

violation of the stay.  For the reasons set forth below, this Court finds that Debtor's counsel is

entitled to an award of  $4,006.25 in attorney fees from George Schooff.


I.

FACTUAL BACKGROUND

On March 31, 2014, the Wayne County Circuit Court – Family Division—entered a

Consent Judgment of Divorce in the divorce proceeding of *George Schooff v. Karen Schooff*.

The Consent Judgment of Divorce addresses "Child Support" and "Spousal Support" in

paragraphs 11 through 15.  "Property Division Provisions" are addressed in paragraphs 19

through 31.  Paragraph 24, under the "Property Division Provisions" of the Consent Judgment of

Divorce, states, in relevant part:

24. Real Property

a. Marital Home.  The marital home located at 97 Moran Road, Grosse Points Farms, Michigan 48236 is presently listed for sale with Sine Monacan Reality, and will continue to be listed until sold.  If a short sale occurs, Comerica may pursue the parties on *any deficiency regarding the home equity loan.  Said deficiency, if any, will be equally divided between the parties. . .*

(emphasis added).

On August 28, 2015, the Wayne County Circuit Court entered an espousal support order

requiring George Schooff to pay his ex-wife Karen Schooff $3,198.00 per month starting on

March 1, 2015 and ending on  February 1, 2025.  An attachment to the Espousal Support order

states, in relevant part:

4.      No espousal support shall be awarded to Husband, and, as to him, espousal support is forever barred.

At some point, the marital home was sold as a "short sale" and Comerica Bank was paid

less than the contractual balance owed to the bank on a home equity loan.  The deficiency

balance was $155,806.42, but Comerica agreed to accept $56,402 so long as monthly payments

were paid in a timely manner.  George and Karen Schooff were jointly liable on the debt to

Comerica.

At some point, Karen Schooff stopped making payments on the debt to Comerica.

On December 22, 2017, Karen Schooff filed for Chapter 7 bankruptcy.  Both Comerica

Bank and George Schooff were listed as creditors.  On March 20, 2018, Debtor Karen Schooff

received her Chapter 7 discharge and her case was administratively closed on March 23, 2018.

On April 6, 2018, Debtor filed an *ex parte* motion to reopen her Chapter 7 case.  Debtor

sought to reopen her case for the purpose of pursuing damages for multiple violations of the

automatic stay and for the purpose of pursuing conversion to a Chapter 13.  On April 9, 2018,

this Court granted Debtor's *ex parte* motion.

On April 23, 2018, Debtor Karen Schooff filed a motion for relief from her Chapter 7 discharge. On May 16, 2018, the Court entered an Order granting Debtor's motion for relief from her Chapter 7 discharge. This order vacated Debtor's Chapter 7 discharge, making her eligible for a Chapter 13 discharge.

On May 22, 2018, Debtor filed a motion to convert her bankruptcy case to a Chapter 13. On June 19, 2018, Debtor's case was converted to a Chapter 13 case.

Sometime in early June 2018, George Schooff began reducing the amount he was paying to Debtor as alimony, to offset the additional amount he was paying to Comerica as a result of Debtor's failure to make payments to Comerica. According to Debtor, the alimony payments were reduced by $250.00 per month.

On June 21, 2018, George Schooff filed a Motion to Modify Order of Support in the Wayne County Circuit Court. In that motion, George Schooff requested that his alimony obligation be reduced to compensate him for the payments he was making to Comerica on behalf of Debtor.

On June 28, 2018, Debtor filed an amended Schedule E/F (Schedule of Priority and Unsecured Creditors) and an amended Schedule I and J. Her amended Schedule F listed both Comerica and George Schooff as general unsecured creditors. Her Schedule I stated that she had gross monthly income from employment in the amount of $3,466.67 and income from alimony in the amount of $1,086.00 per month. Schedule J stated monthly expenses of $3,341.00.

On July 27, 2018, the Wayne County Circuit Court held a hearing on George Schooff's motion to modify his alimony obligation. At the conclusion of the hearing, the Court granted the requested relief and permitted George Schooff to reduce his monthly alimony payment by

3

$250.00.  George Schooff is now paying alimony in the amount of either $800 or $850 per month.

Debtor's Chapter 13 plan was confirmed on September 12, 2018.  The Chapter 13 Plan anticipated using the full amount of alimony to help fund the Plan.

On November 6, 2018, Debtor filed a motion to compel creditor, George Schooff, to cease violating the automatic stay and for damages arising out of the violation of the automatic stay.

On November 14, 2018, creditor George Schooff filed a Response to Debtor's motion.

On November 29, 2018, creditor George Schooff filed a corrected motion for relief from stay to permit him to exercise a right of setoff under 11 U.S.C. § 553.

On December 13, 2018, this Court held a hearing on Debtor Karen Schooff's motion to compel George Schooff to cease violating the automatic stay. This Court also heard George Schooff's motion to lift stay to permit him to exercise a right of setoff.  At the conclusion of the hearing, this Court issued an opinion denying George Schooff's motion and granting Karen Schooff's motion.  Specifically, this Court ordered George Schooff to cease violating the automatic stay and granted Karen Schooff actual damages, including attorney fees.  Because Debtor's counsel had sought $5,000 in attorney fees without any specific itemization, this Court instructed Debtor's counsel to submit an affidavit detailing the time spent representing Debtor in this matter.  The Court then instructed the parties that the Court would review the affidavit and enter a separate order awarding fees.

On December 20, 2018, Debtor's counsel filed a pleading titled, "Declaration of Attorney Fees Pursuant to Order Granting Debtor's Motion to Compel Creditor, George Schooff, to Cease

**4**

Violating the Automatic Stay".  Debtor's counsel's Declaration requests fees in the amount of $7,242.50.

## II.

## ANALYSIS

As noted above, this Court has already ruled that creditor George Schooff violated the automatic stay pursuant to 11 U.S.C. § 362(a)(1).  Pursuant to 11 U.S.C. § 362(k) (1), a debtor may recover actual damages from a creditor who violates the stay.  Section 362(k)(1) states:

> (k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Willful violation of the automatic stay occurs when a creditor knew of the stay and violated the stay by an intentional act.  *In re Johnson*, 548 B.R. 770 (Bankr. S.D. Ohio 2016) citing *TranSouth Fin. Corp. v. Sharon (In re Sharon)*, 234 B.R. 676, 687 (6th Cir. BAP 1999).  A willful violation of the stay does not require proof of a specific intent to violate the stay. *Id.* Rather, it requires that the acts that violate the stay be intentional. *Grine v. Chambers (In re Grine)*, 439 B.R. 461 (Bankr. N.D. Ohio 2010); *Lansdale Family Rest., Inc. v. Weis Food Serv. (In re Lansdale Family Rest., Inc.)*, 977 F.2d 826, 829 (3d Cir.1992).  "Where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate." *Grine*, 439 B.R. at 466, *Fleet Mortg. Group, Inc. v. Kaneb (In re Kaneb)*, 196 F.3d 265, 269 (1st Cir.1999).  As long as the creditor had actual notice of the bankruptcy, any intentional act of collection violates the stay. The court in *Bankers Healthcare Group, Inc. v. Bilfield (In re Bilfield),* 494 B.R. 292, 301 (Bankr. N.D. Ohio 2013) summarized the test for a willful violation of the automatic stay, stating:

> A specific intent to violate the stay is not required, or even an awareness by the creditor that [its] conduct violates the stay. It is sufficient that the creditor knows of the bankruptcy and engages in deliberate conduct that, it so happens, is a violation of the stay. Moreover, where there is actual notice of the bankruptcy it must be presumed that the violation was deliberate or intentional. Satisfying these requirements itself creates strict liability. There is nothing more to prove except damages.

*Bilfield,* 494 B.R. at 301 citing *In re Daniels*, 206 B.R. 444, 445 (Bankr. E.D. Mich.1997) (internal quotation marks and citation omitted); *see also In re Webb*, 472 B.R. 665, 2012 WL 2329051 at *15 (6th Cir. BAP 2012) (unpublished opinion).  Both § 362(k)(1) and case law permit the recovery of costs and attorney fees as actual damages. *Grine*, 439 B.R. at 474; *In re Webb*, 2012 WL 2329051, at *17 (6th Cir. BAP).

A creditor found to be in willful violation of the automatic stay under § 362(k)(1) may also be liable for punitive damages.  A party seeking punitive damages under § 362(k)(1) must demonstrate that the creditor's conduct was "egregious, vindictive, or intentionally malicious." *In re Bivens*, 324 B.R. 39, 42 (Bankr.N.D.Ohio 2004).  Although this standard does not require a movant to prove a creditor acted with any "overt wrongful intent," the moving party must be able to make "a strong showing that the creditor acted in bad faith or otherwise undertook their actions in reckless disregard of the law." *In re Baer*, 2012 WL 2368698, at *10 (6th Cir. BAP) citing Bivens, 324 B.R. at 42; *In re Stewart*, 499 B.R. 557, 573 (Bankr. E.D. Mich. 2013)(punitive damages are available under § 362(k)(1) for "egregious misconduct on the creditor's part").

In its prior opinion, this Court found that George Schooff was aware of Debtor's bankruptcy filing, and that he unilaterally modified his alimony payments without seeking relief from the automatic stay. He modified his alimony payments in an attempt to collect on a debt, and was therefore in violation of the automatic stay.  Under § 362(k)(1), any action to collect a

**6**

debt after a creditor has knowledge of the stay is considered an intentional act which entitles Debtor to actual damages, including attorney fees. The court awarded Debtor $1750 to compensate her for the amount of alimony she had not received, and requested additional documentation regarding Debtor's counsel's fees. The court also found however, that Schooff's conduct was not "willful" in the sense that Schooff had not acted with malicious intent when he violated the stay. Because George Schooff had not acted in bad faith, the Court declined to award punitive damages.

The only remaining issue before the Court is the amount to be awarded to Debtor's counsel in attorney fees. Debtor's counsel has filed a Declaration requesting $7,242.50 in fees for the work performed for Debtor in litigating the violation of the stay. While the court has no reason to doubt the accuracy of Debtor's counsel's time records, the Court finds the amount requested to be excessive based on the facts and circumstances of this case. For all the reasons set forth in this Court's opinion issued on December 13, 2018, George Schooff intentionally violated the stay and is, therefore, required to pay actual damages, including attorney fees, to Debtor. That being said, it is undeniable that George Schooff has suffered adverse financial consequences as a result of Debtor's bankruptcy filing. As a result of Debtor's filing, George Schooff is saddled with the entire liability to Comerica and is now paying double what he had bargained for at the time of his divorce. Furthermore, if Schooff stops making payments, the liability to Comerica will leap from $56,402 to $155,806.42. Since Comerica is a creditor of Debtor, if George Schooff stops making payments, it will greatly increase the amount Debtor owes to unsecured creditors.

Given that George Schooff has taken on additional financial obligations as a result of Debtor's bankruptcy, the Court finds it appropriate to consider the additional financial burden

that the award of attorney fees will have on George Schooff. It would be an unfortunate result if the fee award was so high that it gave George Schooff grounds to lift the stay and return to state court to seek a reduction in his alimony payment.

Bankruptcy courts have the authority to reduce fees when circumstances warrant. *In re Atwell*, 148 B.R 483, 492-93 (W.D. Ky. 1993)(a court may determine whether a global reduction or enhancement of the fees is in order.); *Cupps & Garrison, LLC v. Rhiel (In re Two Gales, Inc.)*, 454 B.R. 427, 433 (6th Cir. BAP 2011)(courts may award compensation that is less than the amount of compensation requested). Based on the facts and circumstances of this case, the Court is reducing the fees requested by $3,236.25. Specifically, the Court is reducing the fees for time spent on legal research and drafting of pleadings by 50% (all time entries for October 11, 2018, first time entry for October 24, 2018, and time entries for October 31, 2018, November 1, 2018, the second time entry for November 14, 2018 and December 12, 2018) because those fees are excessive in light of the experience and billing rate ($300/hour) of Debtor's counsel, and the facts of this case. The Court is also reducing the fees for travel and court appearances on December 13, 2018 by 50% because the Court's docket for that date indicates that Debtor's counsel was handling multiple matters on that date. This reduction results in a fee award to Debtor's counsel in the amount of $4,006.25.

IV.

CONCLUSION

For the reasons set forth above, this Court finds that Debtor's counsel is entitled to $4,006.25 in attorneys fees from George Schooff.

**Signed on February 13, 2019**



/s/ Marci B. McIvor
_____
**Marci B. McIvor**
**United States Bankruptcy Judge**

**8**